NO. 07-09-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 13, 2011

_____

JAFFICE L. HARRIS, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,087; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jaffice Harris, III, pled guilty in open court to burglary of a habitation with intent to commit aggravated assault with a deadly weapon[1] and was sentenced by a jury to twenty-five years confinement. By two issues, he contests the sufficiency of

---

[1]*See* Tex. Penal Code Ann. § 30.03(d) (West 2011).

the evidence to support an assessment of court-appointed attorney's fees as part of court costs in the judgment.[2] We modify and affirm.

By his first issue, Appellant contends the evidence is legally insufficient to support an order to pay court-appointed fees. We agree. Appellant was provided with the services of appointed counsel during trial. The summary portion of the judgment entered in the underlying case reflects an assessment of court costs of $6,082.50, representing $615 for court costs and $5,467.50 for attorney's fees.

Appellant acknowledges that under article 26.05(g) of the Texas Code of Criminal Procedure, a defendant may be ordered to pay in part or in whole the costs of legal services and court costs if the trial court finds the defendant has the ability to pay. Tex. Code Crim. Proc Ann. art. 26.05(g) (West Supp. 2010). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *Mayer v. State*, 309 S.W.3d 552, 555 (Tex.Crim.App. 2010). Ergo, Appellant argues that the attorney's fee award of $5,467.50 should be deleted from the judgment.

The State candidly concedes that the record demonstrates Appellant's inability to pay in that counsel was appointed by the trial court for trial and for appeal and she concurs with Appellant that the attorney's fee award of $5,467.50 should be deleted from the judgment. We agree and sustain issue one. Our sustention of issue one pretermits consideration of Appellant's second issue.

---

[2]This case was originally filed as an *Anders* appeal. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon submission of this appeal, this Court found that an arguable issue existed, granted counsel's motion to withdraw, abated this appeal, and remanded the cause to the trial court for appointment of new counsel. *See Harris v. State*, No. 07-09-00258-CR, 2010 Tex. App. LEXIS 8420, at *3-4 (Tex.App.--Amarillo Oct. 20, 2010, no pet.).

## Conclusion

We modify the trial court's judgment to delete from the total court costs of $6,082.50 the amount of $5,467.50 for court-appointed attorney's fees.  As modified, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.